Please rise. This court is now in session. You may be seated. The clerk will call the next case. Case 3-16-0387, People of the State of Illinois, is now filed by Lord v. Michael Bailen v. Iben and appellate v. Susan Ball. May it please the court? Counsel? Lord Michael Bailen on behalf of the people. In 2014, the defendant was charged with failure to register as a sex offender. He filed a motion to dismiss the charges, arguing that because of 2006 amendments to the Sex Offender Registration Act, or SORA, he should be removed from the registry and the charges should then be dismissed. The trial judge ordered him removed from the registry and dismissed the charges, and she erred in doing so. The defendant argues that he shouldn't have been required to register in 2014, so he couldn't be charged with failure to register in 2014. However, consistent with McFadden, if he thought that registration was void, he needed to get it vacated before he failed to register. Having not done so, he could be charged with failure to register whether or not he was properly on the registry. The voidness of a conviction wasn't a defense in McFadden, so the voidness of the registration requirement isn't a defense here. Also, the 2006 amendments did not prevent the defendant from being charged with failure to register. Johnson is on point. If the 2006 amendments had removed the requirement to register, the issue would have been moot, but it wasn't. Under Johnson, a defendant still has to register as a sex offender even if, after the 2006 amendments, the crime would have had to be sexually motivated to require registration as a sex offender. If a defendant is required to register as a sex offender, then it must be SORA that imposes that requirement, and if SORA imposes that requirement, then the defendant can be charged with failure to register under SORA. Are you waiting to be peppered with questions? Yes. Can you tell me procedurally what grounds allow a trial judge to engage in grand jury nullification? Because this was an indictment by a grand jury. We have motions to dismiss in civil cases all the time. We have motions for summary judgment in civil cases all the time. But are you aware of any procedure that would allow a motion to dismiss prior to trial where there's a grand jury indictment? No. I am not aware. Well, if there are no further questions, then the people would ask that this court reverse the trial judge's order removing the sex offender registry and reinstate the charges. Thank you, Your Honor. Thank you.  Good morning, Your Honor. Good morning. Counsel. I'm Steve Vero with the Austin State Appellate Defender, 3rd District, for Defendant Appellant Lila McClinton. May it please the Court. The situation here is that my client was convicted of unlawful restraint in 1997. It's been 20 years since then, and the State has hounded him about sex offender registration, when it even admits that it essentially can't argue that his 1997 offense was indeed sexually motivated. There are no facts whatsoever to show that that offense was sexually motivated. What was the factual basis for the plea of guilty in 1997? The State hasn't put the factual basis for the plea of guilty in the record in this case. But your client is required to do that because it was your motion to dismiss. Well. So do you know the factual basis? I know that it was alleged in the motions, the facts of the case. The factual basis is not, as you said, it's not part of the record. But basically what was described in the motions regarding the 1997 offense was that the defendant was with two other boys. He was 17 years old at the time. He got into a car that was driven by a 16-year-old girl. And they had told this girl to give them a ride somewhere. And she started driving. And then she got out of the car and left. And then he got out of the car and left. So the factual basis at the time of the plea, if I understand it correctly from the record, was these 17-year-old gang members climbed into a car and abducted the 16-year-old driver that happened to be a young woman. It's kind of hard to know what their intentions for the abduction were because she was able to flee. And they used force by yanking her hair. So the state's attorney in this case was unwilling to certify that the 1997 offense was not sexually related. And doesn't the statute give the state's attorney the exclusive authority to make that determination? Whether the SORA registration, whether your client should be transferred from SORA to the violent offender registration. The statute does provide, and the transfer provision does provide the state's attorney the authority to decide that. Didn't the judge usurp her authority by compelling the state to remove him from the registry where there is no provision to allow a judge to make that determination? Well, notably with respect to the order about removal from the registry, this court doesn't have jurisdiction over that order. The Supreme Court rules specifically authorize the state to appeal only specifically enumerated orders. Now, the motion to dismiss charges, that's something we can see the state can appeal that. I mean, the judge's decision to dismiss the charges, that's something the state can appeal. But the state cannot appeal an order to remove someone from a sex offender registry. And the state has said in its opening briefs that it had no authority for the proposition that it could do so. So the state forfeited any argument that there was jurisdiction over that order. This court should not consider any arguments the state made on that and its reply, but even if it does. Could you address the unusual posture of this case where there is a defense motion to dismiss? Because normally the defense would raise this issue as a defense during trial. Perhaps it would be a reason to find your client not guilty. But to nullify a grand jury indictment under these circumstances seems extremely unusual where there's no abnormality associated with the grand jury proceeding. Okay. So in that sense, your concern now is moving towards the dismissal of charges, I guess. Yes. It's not the order. Since you don't have jurisdiction to discuss the other issues. Correct. So I'll leave it. I'll leave it. But tell me what the procedural mechanism is that would even allow the trial court to consider a motion to dismiss a grand jury indictment. Well, I believe that if there's a situation, I mean, motions for dismiss can be granted where there is no, the charges don't state an offense. And the charges in this case do not state an offense. Because, and that goes to the point about how, you know, even if it's true that he can't remove his information from the sex offender registry and that the state has the sole authority to transfer him and make that decision about whether to transfer him to a violent offender against youth registry or not, there is no statute existing now that allows him to be prosecuted for this offense. The state is trying to prosecute him under a state that doesn't exist. He's on the registry. He's on the registry. The only issue the trial judge had to look at is, is he listed as one that's required to register? Boom. Done. That's the only element of this offense. Well, the state has conceded that it's unclear whether he actually has to be on the registry in 2014. That's something that the state now admits. They don't know whether he actually had to be on the sex offender registry in 2014. That would be dependent on whether there was an extension of the period for him to be. Your client had a conviction in 2001, I think, for failing to register in 2004. Correct. And so between 2001 and 2014, your client had ample opportunity to petition to be transferred from one registry to another, but didn't do that. He has no obligation to do that because sex offender registration is, and it's distinguishable from McFadden. McFadden involved a prior felony conviction. A conviction can only be vacated by a judge, and it stays intact until it's vacated by a judge. The defendant's 1997 conviction can remain intact, but his sex offender registration terminates automatically as a matter of law. It also takes effect automatically as a matter of law. In the case here, what's in the record suggests that there was no judgment saying that he had to register as a sex offender. That wasn't part of the trial court's judgment, it appears. But it was operational as a matter of statute at that time. It comes into effect by operation of law and ends by operation of law. So 10 years. So did he challenge his sentence on that basis? I mean, you're asking us to rewind and look backwards. Isn't that what you're saying is that because there's a 10-year registration that came into effect upon the sentence, so 1997, the defendant expired automatically in 2007. So your argument is there was no crime because his requirement that he was on that registry ended in 2007. Correct. But for his conviction in 2001, it was extended. Well, it's not clear whether or not the Illinois State Police actually did an extension, and the Illinois State Police does need to send a letter to the place where he last registered so there would be evidence with it, and the state hasn't put that evidence in the record. So we don't know if they did an extension, but even assuming they did, so it's a 2001 case, all we know is that that would get up to 2011. It was 2014. How do you know the grand jury didn't consider all of this when they indicted your client? Well, the grand jury proceedings, as far as I know, aren't in the record either. Again, this is a state appeal. I mean, really, to a certain extent, the state's attorney now concedes that we don't know whether he registered in 2014. That's an important point. The state does not know right now whether he had to register. They conceded he wasn't on the registry? They conceded they were not. They conceded they don't know whether he was on the registry. What they've said is that McFadden means that he's registered. Basically, the state's argument is that because one person in the Illinois State Police believed that he was required to register as a sex offender, that he was. That's the crux of the state's argument. The police believed he had to register. Therefore, he had to register. But that argument is, first of all, I mean, there's case law that goes against that. And people where Armstrong was cited in my brief. That was a case where the defendant registered as a, he had a 1997 unlawful restraining conviction, just like my client does here. In 2011, he was charged with failing to register as a sex offender. Now, he hadn't petitioned to be taken off the registry at all. In that case, his counsel advised him to plead guilty. He pled guilty to failing to register as a sex offender in 2011, based on this 1997 unlawful restraint. And on appeal, the applied court reversed and said counsel was ineffective for advising him to plead guilty. And it said that the charges against him were legally baseless from the outset. Legally baseless from the outset. Because it turned out he didn't have to register as a sex offender. Even though, and so it said, even though the police believed he had to register, various law enforcement agencies, courts, everyone, the defendant himself admitted that he had to register as a sex offender. But it was wrong. They were all wrong. He didn't have to register as a sex offender. And therefore, his conviction for failing to register was reversed. That case is directly on point here. This is the exact situation. The defendant just does not apply. Was the charges dismissed before trial? No. That's correct. Procedurally, that's a little bit different. That's right. But the principle still stands that this is not a situation that's on point with the defendant. It doesn't matter if there's an officer at the Illinois State Police that believes he has to register as a sex offender or not. The real question is whether the law required him to register as a sex offender. Because, again, it ends with... I feel the issue just a little bit differently. To me, the real question is judges have to operate with judicial restraint on the bench. You can't just fast forward to get to the result that you think would have been authorized to have a trial. So you and I are just going to respectfully disagree on that point. I don't think the trial judge had any authority to set aside the grand jury indictment. Well, and one point that I would also make, too, is that if you've got a situation where the charge has failed to state an offense, and so we can move on to even assuming that he was required to register, I've argued that he can't be held criminally liable because the charge has failed to state an offense. Now, if you've got a situation where the charge has failed to state an offense, it makes no sense to have a pointless trial in a situation where it's obvious that the person cannot be convicted because there's no statute defining his conduct as criminal. And that's exactly what occurred here. The 2006 amendment changed the statute. Now the statutory language does not allow someone like my client to be prosecuted, and it's plain from the statute. Is the statute retroactive? It is. The Supreme Court in Johnson found the statute was retroactive. There was an amendment in 2006. The amendment changed the definition of who a sex offender was. A sex offender used to be someone who just committed unlawful restraint if there was a person under 18, and here it was alleged that the victim was 16 years old. My client was 17. If the person was under 18 and the defendant was not a parent of the victim, that was all that was required back before 2006, between 1996 and 2006. Before that, unlawful restraint was not a sex offense at all under any circumstances. So the statute in 2006 was changed by the legislature to require that unlawful restraint does not require sexual motivation. I mean, unlawful restraint without sexual motivation does not require sex offender registration at all. So if you look at the statute and try to find a statute, the state won't be able to point you to a statute that says that he committed an offense here If we go to section 10, it's a penalty provision. It says any person who is required to register in this article, who violates any provision in this article, is guilty of a class 3 felony. They have to violate a different provision in the article. That's a penalty provision. It doesn't create any offenses. Section 6 and section 3 are what my client was charged with violating in this case. That's what the state charged him with, not a violation of section 10. Section 3 says a sex offender, as defined in section 2 of this act, shall register and provide accurate information to the state police. Sex offender as defined in section 2. My client is not defined as a sex offender in section 2. The offense was not found to be sexually motivated, so he's not a sex offender under section 2. So even if he can't transfer his information to the Violent Offender Against Youth Registry, he cannot be criminally liable under this statute as it exists right now. And Johnson held that it was retroactive because it had an effective date of January 1, 1996. This was the 2006 amendment, which was the same effective date of the prior statute that was being completely superseded. And the dissent in Johnson noted that, too. I mean, they agreed on the point that it applied retroactively. So because there's no existing criminal statute, he can't be prosecuted even if he was required to register as a sex offender. The statute's unambiguous. But if it was ambiguous, the rule of lenity applies in this case. It's a criminal case. Johnson's not on point because it didn't deal with someone who was convicted of failure to register. Johnson was interpreting transfer approvals, and it said that the defendant had no means to be transferred from the Sex Offender Registry to the Violent Offender Against Youth Registry. It didn't go any further than that. It's talking about transferring information from one registry to another, not about whether someone can be criminally liable. And my client cannot be held criminally liable under a statute that doesn't exist. That's the problem with the state's argument, in addition to the fact that we don't even know if he had to register as a sex offender in 2014. So for those reasons, this Court should affirm the trial court's judgment as to dismissing the charges, but should decline to consider the trial judge's order to remove him from the Sex Offender Registry. Also, I would point out, actually, that the state did a mandamus petition in this case to try and get him reinstated back to the Sex Offender Registry and the charges reinstated, and the Illinois Supreme Court denied that. It appears that there could only be two reasons that the Supreme Court denied that. One, because there's no evidence that my client was required to register as a sex offender in 2014, and the other one could be related to an allegation the defense counsel made in a mandamus petition that he was never required to register as a sex offender because the age of the victim did not appear in the factual basis of the plea, and therefore it was never a plea to a sex offense. Now, because we don't have a guilty plea factual basis in this record, this Court cannot address that. I haven't asked this Court to address it in this appeal, but it is quite possible that he never had to register as a sex offender because that was effectively negotiated out of the plea, and it's on point with P. Lewis Armstrong if that's the situation. If your honors have any questions. Thank you, Mr. Williams. Thank you. Mr. Michael Byron. I have a couple of points to respond to. First, regarding the last point about what the denial of the mandamus petition means, the denial of a petition for an extraordinary writ means only that a majority of the upper court couldn't be mustered in favor of the petition. It's not an exotic form of res judicata. That's according to the Egan case 248, Ilia III at 918. So we don't know what it means that the mandamus petition was denied. Additionally, regarding whether the people can appeal from the order removing the defendant from the registry, well, that was inextricably intertwined with the order dismissing the charges and the people can appeal from an order dismissing the charges. The whole reason the defendant asked the charges be dismissed was because he said he needed to be removed from the registry, and the judge found that the charges should be dismissed because she found she should remove him from the registry. Regarding the state of the record and why there isn't different evidence in the record, the only issue below was whether the 2006 amendments took defendant off of the registry. The parties agreed that he had to register unless the 2006 amendments took him off of it. So if there had been a dispute over that, then different evidence would have been presented or a different record developed on that. So that's why the record is as it is there. McFadden isn't distinguishable. In McFadden, the conviction was void ab initio. That means it was void from the start. I do have a question about the state of the record. So you said that the parties agreed in the lower court that the defendant was required to register. That would have been in 1997, correct? And in 2014, unless the dispute was, they agreed that in 2014 he was required to register unless the 2006 amendments took him off. They didn't say there was a different reason that he wouldn't be on it. Now, it appears that they did think that it was because of a later felony conviction, but if there had been the dispute over whether that applied or not, then there could have been development of the record as to whether there were violations that extended it. The Molnar case instructs that it's automatic that if there's a violation of SORA, that the registration period is extended for 10 years. So there wouldn't have been discretion, and also there's time told in prison. Did you say that Mr. McFadden agreed to that proposition in the trial court? He agreed that he should be on the registry unless the 2006 amendments took him off. The only argument made as to why he shouldn't be on it was that the 2006 amendments took him off of it. He didn't make the argument that the prior felony shouldn't have been a reason he was on it. And Johnson addresses whether SORA or whether the amendments, the 2006 amendments, are self-executing. Johnson says they are not self-executing and they cannot be interpreted by a judge. It requires the state's attorney to initiate the action to remove SORA. Yes, that's exactly what Johnson says. And defendants portraying it as Johnson saying, well, he just remains on the registry. It concerns just the transfer provisions. But at page 551, it says he must continue to register as a sex offender. So that is Johnson squarely dealing with whether the requirement to register as a sex offender continues. And it said he must continue to register as a sex offender unless and until he's transferred to SORA from VOIRA pursuant to the transfer provision that leaves the discretion solely up to the state's attorney. Are there any further questions? Thank you, Your Honor. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. And we will stay in recess until 1.15. Thank you, Your Honor. Court is now in recess.